**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOUAZZA OUAZIZ,<br><br>        Plaintiff,<br><br>v.<br><br>PHIL MURPHY, *et al.*,<br><br>        Defendants. | Civil Action No. 23-2696 (SDW)(ESK)<br><br>**OPINION**<br><br>February 2, 2024 |

**WIGENTON**, District Judge.

      Before this Court are several motions: (1) Defendant Sarah Adelman's ("Adelman") motion to dismiss (D.E. 6) *pro se* Plaintiff Bouazza Ouaziz's ("Plaintiff") Complaint (D.E. 1 ("Complaint")); (2) Defendant Noura El Ghazoini's ("El Ghazoini") motion to dismiss (D.E. 21); (3) Defendant Phil Murphy's ("Murphy") motion to dismiss (D.E. 25); (4) Defendants Jeffrey Jablonski ("Judge Jablonski") and Gary Potters's ("Judge Potters," together with Judge Jablonski, the "Judicial Defendants") motion to dismiss (D.E. 27); (5) Plaintiff's motion for default judgment (D.E. 23) against Defendants Leonard Cohen ("Cohen"), Lula Johnson Lee ("Lee"), Thomas DeGise ("DeGise"), Frank Mezza ("Mezza"), Robert B. Knapp ("Knapp"), and Robert Martinovic ("Martinovic"), and nonparties Charles Ferrer ("Ferrer") and Andrea Boldin ("Boldin," together with Ferrer, "Nonparties"); and (6) Defendant Cohen's motion to vacate entry of default and thereafter dismiss the Complaint (D.E. 26). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the several motions to dismiss are

1

**GRANTED**, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** against all Defendants, the entry of default against Nonparties Ferrer and Boldin is **VACATED**, Plaintiff's motion for default judgment is **DENIED**, and Defendant Cohen's motion to vacate entry of default is **DENIED AS MOOT**.

I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

A. *Ouaziz I*

In July 2022, Plaintiff filed a 108-page amended complaint alleging a plethora of claims which arose primarily from his relationship with, and subsequent legal disputes against, El Ghazoini. *Ouaziz v. City of Jersey City, et al.*, No. 22-4546, D.E. 4 ("*Ouaziz I*").[1] The *Ouaziz I* amended complaint was "dense and difficult to follow"—it alleged 620 paragraphs and 67 causes of action against over 60 defendants—and the events underlying it "span[ned] the gamut from stolen passports, family court proceedings in New Jersey state court, family feuds, drugging and sexual assault, domestic violence, corruption in the New Jersey state judicial system, conspiracy to commit fraud and falsify records, civil rights abuses, and beyond." *Ouaziz v. City of Jersey City*, No. 22-4546, 2022 WL 17400934, at *1 (D.N.J. Dec. 2, 2022), *aff'd*, No. 22-3385, 2023 WL 7001846 (3d Cir. Oct. 24, 2023). Ultimately, this Court dismissed the claims with and without prejudice, allowing Plaintiff thirty days to amend the complaint as to the claims dismissed without prejudice. *See generally id.* Rather than amending those claims, Plaintiff elected to stand on the dismissed complaint and filed a notice of appeal to the Third Circuit. (*Ouaziz I* D.E. 65.) On October 24, 2023, the Third Circuit affirmed this Court's dismissal. *Ouaziz*, 2023 WL 7001846, at *3.

---

[1] The original complaint in that action was filed on July 12, 2022, and Plaintiff filed the amended complaint three days later. (*See Ouaziz I* D.E. 1, 4.)

### B. The Similarities Between *Ouaziz I* and the Instant Action

On May 17, 2023—while his appeal in *Ouaziz I* was still pending before the Third Circuit—Plaintiff filed the Complaint in the instant action ("*Ouaziz II*"). (D.E. 1.) The latest Complaint contains 32 exhibits and hundreds of allegations against Plaintiff's ex-wife El Ghazoini, her family, her attorney, and a handful of new defendants. (*See generally id.*) Though shorter in length, the instant Complaint is equally as incoherent and confusing as the amended complaint in *Ouaziz I*. (*Compare* D.E. 1; *with Ouaziz I* D.E. 4.) Moreover, a close reading of both complaints indicates that both actions arise from the same set of alleged "familial disputes, domestic violence incidents, immigration [issues], fraud, assault/sexual assault, deprivation of constitutional rights, and medical services rendered to Plaintiff." *Ouaziz*, 2022 WL 17400934, at *1. To be sure, both complaints allege the following:

- in or around March 2019, Defendant El Ghazoini married Plaintiff solely for the purpose of getting a "green card [and] money." (*Compare* D.E. 1 ¶¶ 11, 22, 24; *with Ouaziz I* D.E. 4 ¶¶ 23, 25, 29); and

- in late 2019, Plaintiff's ex-wife, Defendant El Ghazoini; El Ghazoini's boyfriend, Michael Colombas; and Robert Rodriguez, among other things, drugged and raped Plaintiff. (*Compare* D.E. 1 ¶¶ 23–25; *with Ouaziz I* D.E. 4 ¶¶ 23–26); and

- Defendant El Ghazoini and co-Defendants, including her attorney, Defendant Cohen, conspired to falsify DNA tests and weaponize the legal process to extort money from Plaintiff. (*Compare* D.E. 1 ¶¶ 32, 39, 55, 58, 66; *with Ouaziz I* D.E. 4 ¶¶ 27, 81, 83–84, 86, 89, 112, 258); and

- LabCorp colluded with Defendants to falsify DNA test results. (*Compare* D.E. 1 ¶¶ 67–70, 72–73, 79; *with Ouaziz I* D.E. 4 ¶¶ 86, 114); and

3

- throughout 2021 and 2022, Plaintiff retained several attorneys to contest the validity of certain DNA tests based on fraudulent acts by his ex-wife. (*Compare* D.E. 1 ¶¶ 24, 26, 29, 30, 33–37, 66–74; *with Ouaziz I* D.E. 4 ¶¶ 70, 75–87, 89–90); and

- Defendant Cohen, through his law firm and clients, committed crimes against Plaintiff, including "sexual assault, crim[inal] fraud, interstate crimes," and attempted murder. (*Compare* D.E. 1 ¶¶ 201, 238; *with Ouaziz I* D.E. 4 ¶¶ 112–13, 511); and

- New Jersey state court judges, among other things, made erroneous rulings; conspired with co-Defendants—including Plaintiff's own attorneys—"to commit . . . fraud and extortion"; committed the "[f]ederal [c]rime of 'interference with interstate commerce'"; deprived Plaintiff of constitutional rights; and "help[ed] other conspirators to escape criminal investigation." (*Compare* D.E. 1 ¶¶ 44–48, 50, 55–56, 58, 61–63, 68–69; *with Ouaziz I* D.E. 4 ¶¶ 86, 114.)

The causes of action, too, almost entirely overlap. (*Compare* D.E. ¶¶ 78–240; *with Ouaziz I* D.E. 4 ¶¶ 115–66, 180–85, 198–262, 269–368, 378–96, 415–22, 432–73, 510–22, 532–39, 559–71, 578–98, 616–21.) In sum, the instant Complaint appears to be a slightly abridged recitation of the allegations in *Ouaziz I*, albeit against a new set of Defendants.

### C. The New Allegations in *Ouaziz II*

The only materially new allegations in the instant Complaint appear to be those involving the newly named Judicial Defendants. (*See* D.E. 1 ¶¶ 73–77.) According to the Complaint, Judge Maureen Mantineo—a named defendant in *Ouaziz I*—recused herself from presiding over Plaintiff's state-court proceedings once Plaintiff filed the complaint in *Ouaziz I*. (*Id.* ¶¶ 73, 75.) At some point in 2023, Defendant Judge Potters was assigned to Plaintiff's case in state court and denied Plaintiff's motion to vacate Judge Mantineo's previously issued orders. (*Id.* ¶¶ 74–75.)

4

Plaintiff, in turn, sought to disqualify Defendant Judge Potters for allegedly perpetuating the fraud of which Plaintiff had complained in *Ouaziz I*. (*Id.* ¶ 76 ("Plaintiff filed for a motion to disqualify [J]udge [P]otters based on fraud and fake record to deceive and protect previous crime and previous fraud and give permission to other conspirators to commit more interstate crimes against" Plaintiff.)). In May 2023, Defendant Judge Jablonski held a hearing at which he explained to Plaintiff that "[J]udge [P]otters didn't do anything wrong and [J]udge [M]antineo['s] order[s] are enforceable." (*Id.* ¶ 77.) Thus, Plaintiff seems to insist, Defendant Judge Jablonski also "aid[ed] and abett[ed] fraud and crimes and lawless violence of orders." (*Id.*)

### D. Procedural History of *Ouaziz II*

As mentioned previously in this Opinion, Plaintiff filed the instant Complaint on May 17, 2023. (D.E. 1.) On July 25, 2023, Defendant Adelman filed a motion to dismiss pursuant to Rule 12(b)(6). (D.E. 6.) On August 7, 2023, Plaintiff simultaneously filed certificates of service indicating that he had served all Defendants (D.E. 9), a request for entry of default against all Defendants except Sarah Adelman (D.E. 10), and a motion for default judgment against all Defendants except Sarah Adelman (D.E. 11). The next day, the Clerk's Office advised Plaintiff that his request for default could not be granted because he had failed to properly serve the Defendants. Thereafter, several Defendants either responded to the Complaint or otherwise indicated that they would do so. (D.E. 15, 21, 25–26.) On September 27, 2023, Plaintiff again filed certificates of services and, that same day, requested entry of default and a default judgment against all Defendants who had yet to answer or otherwise respond to the Complaint. (D.E. 22–23.) On September 29, 2023, the Clerk's Office entered default as to those Defendants.[2]

---

[2] Notably, Plaintiff also requested—and the Clerk's Office entered—default against the two Nonparties, Ferrer and Boldin. (*Id.*)

5

Now before this Court are the following motions: the several motions to dismiss pursuant to Rule 12(b)(6) (D.E. 6, 21, 25, 27); Plaintiff's motion for default judgment against the Nonparties and Defendants Cohen, Lee, DeGise, Mezza, Knapp, and Martinovic (D.E. 23); and Defendant Cohen's motion to vacate entry of default and thereafter dismiss the Complaint (D.E. 26).

II. **DISCUSSION**

   A. **12(b)(6) Legal Standard[3]**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief.") In other words, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

When evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a

---

[3] Where, as here, a motion for default judgment is made as to some, but not all, of the "defendant[s] in a multi-defendant case, 'the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.'" *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016) (quoting *Animal Sci. Prods., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008)). Accordingly, this Court will first address the motions to dismiss before turning to the motions related to default.

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). Importantly, a district court considering a motion to dismiss pursuant to Rule 12(b)(6) may only examine the complaint and documents "integral to or explicitly relied upon in the complaint." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).

### B. Analysis

Plaintiff's latest Complaint is littered with deficiencies. Although the moving Defendants recite several grounds for dismissal, this Court only addresses the following flaws, which justify dismissal with prejudice of all claims against all Defendants and the Nonparties.

#### 1. The Doctrine of *Res Judicata* Bars All of Plaintiff's Claims

*Res judicata*, also known as claim preclusion, "bars suit when three elements are present: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991))). The central purpose of this doctrine "is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.* (quoting *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013)). Accordingly, "[t]he doctrine of res judicata bars not only claims

that were brought in a previous action, but also claims that could have been brought," *id.* (alteration in original) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)), and it may be raised *sua sponte* by the district court "if [it] is on notice that it has previously decided the issue presented," *Arizona v. California*, 530 U.S. 392, 412 (2000).[4]

To determine whether *res judicata* applies, courts within the Third Circuit do not employ a mechanical approach. *Id.*; *see also Marmon Coal*, 726 F.3d at 394 ("We have disavowed attempts to create a simple test for determining what constitutes a cause of action for res judicata purposes." (quoting *Duhaney v. Att'y Gen.*, 621 F.3d 340, 348 (3d Cir. 2010))). Instead, courts focus on the "'essential similarity of the underlying events giving rise to the various legal claims.' Factors relevant to this determination include (1) whether the acts complained of were the same; (2) whether the material facts alleged in each suit were the same; and (3) whether the witnesses and documentation required to prove such allegations were the same." *Marmon Coal*, 726 F.3d at 394–95 (internal citations omitted).

Here, although neither El Ghazoini nor Cohen expressly invoke the doctrine of *res judicata*,[5] this Court *sua sponte* holds that it bars claims against them in the instant action. As stated earlier in this Opinion, the allegations and claims underlying the instant Complaint are "essentially similar[]" to those raised in *Ouaziz I*—the previously dismissed action in which Defendants El Ghazoini and Leonard Cohen were named defendants. *Marmon Coal*, 726 F.3d at 394. As such, Plaintiff cannot maintain the instant action against them.

---

[4] As the Supreme Court has explained, *sua sponte* dismissal on *res judicata* grounds is "fully consistent with the policies underlying [the doctrine]." *Id.*

[5] At the time the parties filed their motions, the Third Circuit had not yet affirmed this Court's dismissal of *Ouaziz I*. (D.E. 21, 26.) And courts generally do not consider arguments raised for the first time in a reply brief. *Liquid Labs LLC v. FDA*, 52 F.4th 533, 539 n.6 (3d Cir. 2022) (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017)); *City of Hoboken v. Exxon Mobil Corp.*, 558 F. Supp. 3d 191, 210 (D.N.J. 2021) (citing *Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020)).

*Res judicata* bars the instant action against the newly named Defendants, too, even though they are not obvious privies to the named defendants in *Ouaziz I*. In *Bruszewski v. United* States, the Third Circuit explained that courts may "enlarge[] the area of res judicata beyond any definable categories of privity between the defendants" where, as here, a plaintiff "twice assert[s] essentially the same claim against different defendants." 181 F.2d 419, 422 (3d Cir. 1950) (internal citations omitted). The Third Circuit later affirmed this *Bruszewski* doctrine, stating that *res judicata* applies "where there is a close or significant relationship between successive defendants." *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972). In so doing, the *Gambocz* Court considered and affirmed the dismissal of an action procedurally similar to the one now before this Court. As the Third Circuit explained:

> We previously determined that the essential allegations of the second complaint parallel those of the first. Moreover, what was averred in the original action was a conspiracy participated in by named individuals, and the sole material change in the later suit was the addition of certain defendants, some of whom had been named in the original complaint as participating in the conspiracy but had not been named as parties defendant at that time. We conclude that the relationship of the additional parties to the second complaint was so close to the parties to the first that the second complaint was merely a repetition of the first cause of action and, therefore, it is barred by the application of the *Bruszewski* doctrine.

*Id.* at 842.

In accordance with *Gambocz*, this Court will dismiss with prejudice the instant Complaint against the newly named Defendants. Here, as in *Ouaziz I*, Plaintiff names as defendants his ex-wife and her attorney, alleging that they and others—including state court judges, government officials, attorneys, and law firms—engaged in a conspiracy that arose out of Plaintiff's relationship and subsequent disputes with El Ghazoini. (*See generally* D.E. 1; *Ouaziz I* D.E. 4.) As in *Gambocz*, "the sole material change in the later suit [i]s the addition of certain defendants"

9

who, according to the instant Complaint, participated in or perpetuated the conspiracy alleged in *Ouaziz I*.[6] *Gambocz*, 468 F.2d at 842. In short, the instant Complaint is "merely a repetition of [*Ouaziz I*] and, therefore, it is barred by application of the *Bruszewski* doctrine." *Id.* Consequently, this Court will *sua sponte*[7] dismiss with prejudice all the claims in the Complaint as barred by *res judicata*.[8]

### 2. Alternative Grounds Justify Dismissal with Prejudice

Even if the doctrine of *res judicata* did not bar some or all of Plaintiff's claims, alternative grounds exist for dismissing with prejudice the instant Complaint.

*First*, as this Court explained in dismissing *Ouaziz I*, state court judges "are absolutely immune to 'civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Ouaziz*, 2022 WL 17400934, at *3 (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)). This well-settled principle is "of the highest importance to the proper administration of justice." *Russel v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). It does not apply in two sets of circumstances: (1) "actions not taken in the judge's judicial capacity," and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Figueroa*, 208 F.3d at 440 (citations omitted). Neither of these circumstances apply here; indeed, the Complaint unambiguously seeks to hold liable the Judicial Defendants only for

---

[6] Curiously, the instant Complaint tacks on several new defendants who appear only in the case caption. (*See generally* D.E. 1.)

[7] As noted earlier in this Opinion, the Third Circuit had not yet affirmed this Court's dismissal by the time the parties filed their motions, and thus, most of the moving Defendants did not raise *res judicata* as a grounds for dismissing the Complaint. In any event, this Court may do so *sua sponte*. *Arizona*, 530 U.S. at 412.

[8] To the extent *Bruszewski* and *Gambocz* "do[] not bar claims that are predicated on events that postdate the filing of the [*Ouaziz I* amended] complaint"—such as the 2023 decisions by the Judicial Defendants—those would be dismissed for the reasons set forth below. *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011) (holding that "*res judicata* does not bar claims that are predicated on events that postdate the filing of the initial complaint").

<small>

their alleged actions taken in their judicial capacity. (*See, e.g.*, D.E. 1 ¶¶ 73–77.) As such, the Judicial Defendants are absolutely immune, and the Complaint will be dismissed with prejudice as against them.

*Second*, to the extent this Court can make sense of Plaintiff's claims against the other Defendants—*i.e.*, Murphy, Adelman, Mezza, Knapp, DeGise, Martinovic, and Lee—they are time barred. To be sure, Plaintiff's federal claims brought under 42 U.S.C. §§ 1983 and 1985 as well as his state law claims are subject to New Jersey's two-year statute of limitations. N.J. Stat. Ann. 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued."); *Dique v. N.J. State Police*, 603 F.3d 181, 189 (3d Cir. 2010) (applying New Jersey's two-year statute of limitations to claims brought under 42 U.S.C. §§ 1983 and 1985). Moreover, Plaintiff's claims brought under 42 U.S.C. § 1986 are subject to a one-year statute of limitations. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). As this Court explained when it dismissed the amended complaint in *Ouaziz I*,

> "[a] cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known."

*Ouaziz*, 2022 WL 17400934, at *3 (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). Here, the Complaint contains no allegations against Defendants Murphy, Adelman, Mezza, Knapp, DeGise, Martinovic, and Lee for claims that accrued after May 17, 2021—two years prior to the

date on which Plaintiff filed the instant Complaint. Consequently, the claims against those Defendants must be dismissed with prejudice.[9]

### C. The Motion for Default Judgment[10]

As previously explained in this Opinion, "if [a] plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.'" *Alpine Fresh, Inc.*, 181 F. Supp. 3d at 258 (quoting *Animal Sci. Prods.*, 596 F. Supp. 2d at 849); *cf. Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 ("[W]e believe that [*Frow v. De La Vega*, 82 U.S. 552 (1872)] stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved."). Therefore, because all claims against Defendants are dismissed with prejudice, this Court will deny Plaintiff's motion for default judgment.

## III. CONCLUSION

For the reasons set forth above, the several motions to dismiss are **GRANTED**, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** against all Defendants, the entry of default against Nonparties Ferrer and Boldin is **VACATED**, Plaintiff's motion for default judgment is **DENIED**, and Defendant Cohen's motion to vacate entry of default is **DENIED AS MOOT**. An appropriate order follows.

---

[9] Because this Court has already found multiple independent grounds which justify dismissal of the Complaint, it need not address Defendants' alternative arguments.

[10] As noted earlier in this Opinion, Plaintiff requested and obtained an entry of default against several Defendants and Nonparties. Plaintiff, however, cannot obtain a default judgment against a nonparty. *See* Fed. R. Civ. P. 55(a) ("When a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the *party's* default." (emphasis added)). So, the entry of default against Ferrer and Boldin will be vacated.

/s/ Susan D. Wigenton
    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Edward S. Kiel, U.S.M.J.