**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOUAZZA OUAZIZ,<br><br>    Plaintiff,<br><br>v.<br><br>PHIL MURPHY, *et al.*,<br><br>    Defendants. | Civil Action No. 23-2696 (SDW)<br><br>**WHEREAS OPINION**<br><br>April 9, 2024 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Bouazza Ouaziz's ("Plaintiff") motion for reconsideration (D.E. 38 ("Motion")) filed in connection with this Court's February 2, 2024 Opinion and Order dismissing with prejudice Plaintiff's Complaint (D.E. 36, 37); and

    **WHEREAS** a party moving pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) for reconsideration of an order of this Court must file the motion within 28 days after the entry of that order. Fed. R. Civ. P. 59(e). The scope of such a motion "is extremely limited"; it is not "an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks and italics omitted); and

**WHEREAS** Rule 60(b) permits a district court "to relieve a party from a '*final* judgment, order, or proceeding.'" *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). Rule 60(b) provides the following six bases for reconsideration:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); and

**WHEREAS** "[a]lthough motions for reconsideration under [Rules] 59(e) and 60(b) serve similar functions, each has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 59(e) generally serves as a "'device to relitigate the original issue' decided by the district court, and [is] used to allege legal error." *Id.* (citations omitted). Meanwhile, Rule 60(b) cannot "'be used as a substitute for an appeal, and . . . legal error, without more' does not warrant relief under that provision." *Id.* (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). The burden to establish a right to relief under either Rule, however, rests with the movant. *See Harrison v. Coker*, 587 F. App'x 736, 740–41 (3d Cir. 2014); *Cox v. Horn*, 757 F.3d 113, 123 (3d Cir. 2014) (citing *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)); and

**WHEREAS** Plaintiff's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.

Moreover, Plaintiff has failed to carry his burden of establishing that he is entitled to relief under Rule 60(b)[1]; therefore,

Plaintiff's Motion is **DENIED**. An appropriate order follows.

                                                            /s/ Susan D. Wigenton  
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties

---

[1] To the extent Plaintiff seeks relief under Rule 52, the Motion is denied. Rule 52(b) permits a court to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b). Read together, Rules 52(b) and 59(e) permit a district court "to alter or add to its conclusions of law where appropriate." *U. S. Gypsum Co. v. Schiavo Bros., Inc.*, 668 F.2d 172, 180 n.9 (3d Cir. 1981). Here, a significant majority of the allegations provided by Plaintiff have no apparent relation to the Defendants named in the Complaint, and the handful of factual allegations that do so relate do not cure any of the deficiencies identified in this Court's February 2 Opinion. Accordingly, Plaintiff has not carried his burden of establishing a right to relief under Rule 52(b).